IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

F. DOLORES LAABS,                )
                                 )
            Plaintiff,           )
                                 )
     v.                          ) Civil Action No. 10-1539
                                 )
ER SOLUTIONS, INC., JOHN DOES    )
1-10 and XYZ CORPORATIONS,       )
                                 )
            Defendants.          )

MEMORANDUM

I

In this civil action, Plaintiff, F. Dolores Laabs, asserts a claim against Defendant ER Solutions, Inc. for violation of the Fair Debt Collection Practices Act ("FDCPA"), §§ 1692 et seq.[1] Before the Court is the motion of Defendant to dismiss the first amended complaint of Plaintiff under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. For the reasons set forth below, the motion to dismiss will be converted to a motion for summary judgment under Fed.R.Civ.P. 56 and the parties will be given an opportunity to submit additional material and/or supplemental supporting and opposing briefs.

II

In her original complaint, which was filed on November 19, 2010, Plaintiff alleged that Defendant is a debt collector as

---

1. With regard to the 10 John Does and XYZ Corporations named as Defendants in this case, Plaintiff alleges that the names and addresses of these individuals and entities "will become known to Plaintiff upon discovery." (Docket No. 7, p. 5, ¶¶ 13-14).

1

defined in the FDCPA, and that in April or May of 2010, Defendant contacted Plaintiff by telephone and left the following message on her answering machine:

> "This call is for Delores Laabs. This is Ms. [inaudible] calling. My phone number is 1-877-653-0015, extension 3315 [portions inaudible]."

(Docket No. 1, p. 8, ¶ 19).

Plaintiff further alleged in the original complaint that at no time during the message did Defendant disclose the fact that the telephone call was from a debt collector attempting to collect a debt, a violation of the FDCPA,[2] and that Defendant "used the term ACC, rather than Defendant's registered name, American Credit Collections, Inc." during the telephone call. (Docket No. 1, p. 10, ¶¶ 23-24).

Ten days after Plaintiff's original complaint was filed, Defendant filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), arguing that Plaintiff failed to state a claim upon which relief may be granted because she incorrectly identified Defendant as the entity that left the telephone message transcribed in paragraph 19 of the complaint. Defendant claimed that it had never utilized the "1-877-653-0015" call back number, and that it has never been associated with a company named "ACC" or "American Credit Collections, Inc." (Docket No. 4). In support of these assertions, Defendant submitted the affidavit of

---

2. See Gryzbowski v. I.C. System, Inc., 691 F.Supp.2d 618 (M.D.Pa.2010) (debt collector violated FDCPA when it called and left messages on a

2

Anne Carlson, Defendant's Director of Support Services. (Docket No. 9).

In her response to Defendant's initial motion to dismiss, which was filed on November 30, 2010, Plaintiff claimed that the message referred to in her original complaint was very hard to understand; that one or more of the telephone digits was not transcribed accurately; that she discovered another message from Defendant on her telephone answering machine which was more audible; that the second message clearly identifies Defendant as the entity that placed the call; and that the references to "ACC" and "American Credit Collections, Inc." in her original complaint were typographical errors. (Docket No. 8).

In conjunction with her response to Defendant's initial motion to dismiss, Plaintiff filed a first amended complaint alleging that the following messages were left on her telephone answering machine by Defendant in 2010 in violation of the FDCPA:

> "This call is for Delores Laabs. This is Ms. [inaudible] calling. My phone number is 1-877-693-0015 [or 1-877-693-2015] [portions inaudible], extension 3216."
>
> Hello. This calls (sic) is for Delores Laabs. L-A-A-B-S. This is Ms. Johnson contacting you from ER Solutions in regard to a personal business matter. If you could please return the call, the number is 1-877-693-2015, Extension 3216.

(Docket No. 7, p. 6, ¶ 19).[3]

---

debtor's cellular phone without identifying itself as a debt collector).
3. The allegation in Plaintiff's original complaint regarding Defendant's alleged use of "the term ACC, rather than Defendant's

Defendant has now moved to dismiss Plaintiff's first amended complaint pursuant to Fed.R.Civ.P. 12(b)(6). Again, Defendant contends that it has been misidentified by Plaintiff as the entity that left the telephone messages transcribed in paragraph 19 of the first amended complaint (Docket No. 10), and Defendant has submitted another affidavit of Ms. Carlson attesting to the fact that Defendant has never used either of the call-back numbers in the transcribed telephone messages. (Docket No. 13).

### III

When ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a court generally should consider "only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Berry v. Klem, 283 Fed.Appx. 1, 3 (3d Cir.2008), *quoting*, Lum v. Bank of America, 361 F.3d 217, 280 (3d Cir.2000). "If a court considers other matters, a motion to dismiss should be converted to a motion for summary judgment." Id., *citing*, Pension Benefit Guaranty Corp. v. White Consol. Indus., 998 F.2d 1192, 1197 (3d Cir.1993). In this regard, Fed.R.Civ.P. 12(d) states:

\* \* \*

> **(d) Result of Presenting Matters Outside the Pleadings.** If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary

---

registered name, American Credit Collections, Inc.," was omitted from the first amended complaint.

4

judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

* * *

Because an affidavit was filed in support of Defendant's motion to dismiss Plaintiff's first amended complaint, the motion must be converted to a motion for summary judgment under Fed.R.Civ.P. 56. See Camp v. Brennan, 219 F.3d 279, 280 (3d Cir.2000)(Reliance on declarations from prison officials or Corrections Department administrators regarding claim that plaintiff failed to exhaust administrative remedies required conversion); Goodson v. Maggi, 2010 WL 1052963 (W.D.Pa.2010) (Declaration supporting motion to dismiss on ground that plaintiff had not exhausted claim as required by the Prison Litigation Reform Act required conversion). In accordance with Fed.R.Civ.P. 12(d), the parties will be given the opportunity to submit additional material and/or supplemental briefs supporting and opposing Defendant's claim that it has been misidentified as the entity which left the telephone messages at issue in this case.

*William L. Standish* (signature)
William L. Standish
United States District Judge

Date: February 25, 2011