IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

F. DOLORES LAABS, )
 )
     Plaintiff, )
 )
vs. ) Civil Action No. 10-1539
 )
ER SOLUTIONS, INC., JOHN )
DOES 1-10 and X, Y, Z )
CORPORATIONS, )
 )
     Defendants. )

MEMORANDUM OPINION

I

Before the Court is the motion of Defendant, ER Solutions, Inc., for summary judgment pursuant to Fed.R.Civ.P. 56. For the reasons set forth below, the motion will be granted.

II

In summary, Plaintiff's first amended complaint alleges the following facts:

    Plaintiff is a consumer debtor and Defendant is a debt collector as defined in the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* In 2010, Defendant contacted Plaintiff by telephone and left the following messages in an attempt to collect a consumer debt from Plaintiff:

> "This call is for Delores Laabs. This is Ms. [inaudible] calling. My phone number is 1-877-693-0015 [or 1-877-693-2015] [portions inaudible], extension 3216."

1

> "Hello. This calls (sic) is for Delores Laabs. L-A-A-B-S. This is Ms. Johnson contacting you from ER Solutions in regard to a personal business matter. If you could please return the call, the number is 1-877-693-2015, Extension 3216."

The foregoing telephone messages from Defendant violated the FDCPA by failing to disclose that the calls were from a debt collector attempting to collect a debt.

(Docket No. 7).

On December 13, 2010, Defendant filed a motion to dismiss Plaintiff's first amended complaint under Fed.R.Civ.P. 12(b)(6), asserting that Plaintiff had misidentified Defendant as the entity that left the telephone messages at issue. In support of the motion to dismiss, Plaintiff submitted the affidavit of Anne Carlson, Defendant's Director of Support Services. In her affidavit, Ms. Carlson asserts that she has personal knowledge of Defendant's business practices, including the manner in which Defendant contacts debtors and the telephone call-back numbers utilized by Defendant; that she is familiar with paragraph 19 of Plaintiff's first amended complaint in which it is alleged that Defendant left telephone messages requesting Plaintiff to return the calls at either 1-877-693-0015 or 1-877-693-2015; and that Defendant has never utilized either of these call-back numbers.

In light of the submission of Ms. Carlson's affidavit, the Court converted Defendant's motion to dismiss to a motion for summary judgment under Fed.R.Civ.p. 56, and, in accordance with

Fed.R.Civ.P. 12(d), the parties were given the opportunity to submit additional material and/or supplemental supporting and opposing briefs. Subsequently, Plaintiff filed an affidavit in support of her opposition to the motion for summary judgment, and Defendant filed a reply brief. The motion for summary judgment is, therefore, ripe for decision.

III

Under Rule 56(a) of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).[1] To support an assertion that a fact cannot be, or is genuinely, disputed, a party must (a) cite to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers or other materials, (b) show that the materials cited do not establish the absence or presence of a genuine dispute, or (c) show that an adverse party cannot

---

[1] Amendments to Fed.R.Civ.P. 56 became effective on December 1, 2010. The frequently cited standard for summary judgment is now set forth in Rule 56(a), rather than Rule 56(c). Although the wording of the standard has changed slightly, i.e., the word "issue" was replaced with the word "dispute," the change does not affect the substantive standard or the applicability of prior decisions construing the standard. Fed.R.Civ.P. 56 Advisory Committee Notes.

3

produce admissible evidence to support the fact. Fed.R.Civ.P. 56(c)(1)(A) and (B). If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order. Fed.R.Civ.P. 56(e).

IV

A review of the affidavit filed in support of Plaintiff's opposition to Defendant's motion for summary judgment shows that she has merely set forth the allegations of the first amended complaint in the form of an affidavit. (Docket No. 18). Plaintiff totally fails to address Defendant's factual assertion, supported by the affidavit of Ms. Carlson, that it is not the entity that left the telephone messages at issue, and, therefore, Plaintiff cannot establish her claim against Defendant under the FDCPA.

Based on Plaintiff's failure to properly address Defendant's assertion of fact as required by Fed.R.Civ.P. 56(c), judgment will be entered in favor of Defendant and against Plaintiff as a matter of law pursuant to Fed.R.Civ.P. 56(e).

4

See Ridgewood Bd. of Educ. V. N.E. ex rel M.E., 172 F.3d 238, 252 (3d Cir.1999)("Once the moving party points to evidence demonstrating no issue of material fact exists, the non-moving party has the duty to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor.... Speculation or conclusory allegations do not satisfy this duty.").

*William L. Standish*
William L. Standish
United States District Judge